**Arthur A. GUFFANTI, Plaintiff,**

v.

**Lewis B. HERSHEY, Director of Selective Service, William H. Boughton, State Director of Selective Service, Local Board No. 10 Selective Service System, William Zemnick, Sidney H. Posner, Lucas Cuccia, Roger Brandwein, Herbert Cave, as Members of Local Board No. 10, Defendants.**

**No. 69 Civ. 437.**

United States District Court
S. D. New York.
Feb. 24, 1969.

Jules V. Speciner, I. Jonas Speciner, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., S. D. N. Y., by Martin Paul Solomon, Asst. U. S. Atty., for defendants.

EDELSTEIN, District Judge.

## OPINION

This is an action for declaratory judgment and order in the nature of mandamus to have Selective Service Local Board Memorandum No. 87[1] declared null and void and to direct the Director of Selective Service to rescind the existing local board memorandum and to issue a new one.

This case is before the court on a motion of the plaintiff brought on by Order to Show Cause dated February 3, 1969, for a preliminary injunction enjoining the defendants from inducting the plaintiff into the armed forces of the United States pending the final determination of his action. A hearing was held on February 18, 1969.

Plaintiff in this case raises the issue of whether a second year graduate student is entitled to a I–S classification if he had previously received a II–S classification. The facts are not in dispute.

Plaintiff was born on May 24, 1944, and received a baccalaureate degree from Columbia University in June 1967. He had been classified II–S while an undergraduate student. In September of 1967 plaintiff commenced graduate studies at Columbia University which studies would lead to a doctorate degree in microbiology. On September 28, 1967, Local Board No. 10, plaintiff's selective service board, received a letter from plaintiff in which he requested a II–S deferment and plaintiff received a first year graduate II–S classification on November 1, 1967. He was reclassified, however, I–A on July 8, 1968, but after a personal appearance his local board reclassified plaintiff II–S on August 30, 1968. The State Director of Selective Service then appealed that determination and the Appeal Board reclassified plaintiff I–A on November 14, 1968. Subsequently, on December 11, 1968, plaintiff was ordered for induction into the armed forces of the United States and was directed to report for induction on January 15, 1969.

On December 31, 1968, plaintiff's induction was postponed until February in order that plaintiff could complete his semester. By letter dated January 13, 1969, Local Board No. 10 advised the plaintiff that he was directed to report for induction on February 5, 1969.

Defendants are presently being stayed from inducting the plaintiff into the armed forces pursuant to a temporary restraining order.

Defendants allege that this court has no jurisdiction over the subject matter

1. The text of that memorandum reads as follows: "Section 1622.15(b) (2) of the Selective Service Regulations refers to a registrant who has been placed in Class II–S after June 30, 1967, and has a baccalaureate degree."

of this suit. Plaintiff, in part, seeks a declaratory judgment but he has conceded on oral argument that 28 U.S.C. §§ 2201–2, the sections which provide for the granting of declaratory judgments, do not accord to this court a separate jurisdictional basis upon which it can act. It was further conceded by counsel for plaintiff that the general federal question section, 28 U.S.C. § 1331, is also of no help to him because he is unable to show that the amount in controversy exceeds $10,000.00. Boyd v. Clark, 287 F.Supp. 561 (S.D.N.Y.1968), aff'd per curiam 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511 (January 13, 1969); Wolff v. Selective Service Local Board No. 16, 372 F.2d 817 (2d Cir. 1967). Consequently plaintiff relies on 28 U.S.C. § 1361 to provide this court with a jurisdictional basis.

28 U.S.C. § 1361 is the Federal Mandamus Act and provides as follows: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or in any agency thereof to perform a duty owed to the plaintiff."

 That this act did not enlarge the scope of mandamus relief is clear.[2] Historically mandamus has been used to compel the performance of a ministerial duty. It is established that before such a writ may issue it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, plainly defined, and peremptory. The duty sought to be exercised must be a positive command and so plainly prescribed as to be free from doubt. Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir.) cert. denied 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67 (1966). While mandamus may be used to compel the exercise of discretion when the exercise of discretion is required, it may not be used to influence that discretion. Hill v. United States Board of Parole, 257 F.Supp. 129 (M.D.Pa.1966); Smith v. United States Air Force, 280 F.Supp. 478 (E.D. Pa.1968). What plaintiff in actual fact seeks in this case is not that the defendants exercise their discretion and interpret the statute in issue, to wit, 50 U.S.C. App. § 456(i) (2) but rather that they, and in particular the Director, interpret that statute in a particular manner. Consequently, mandamaus cannot be used as a basis for subject matter jurisdiction. There being no other basis for subject matter jurisdiction the complaint must be and is dismissed.

Motion for preliminary injunction is denied. Complaint is dismissed for lack of subject matter jurisdiction.

So ordered.

---

2. See Senate Report No. 1992, 87th Cong. 2nd Sess.1962.