**In the Matter of Dorothy Ann NABON, Petitioner.**

**No. B-1527.**

United States District Court,
D. Oregon.

Nov. 29, 1971.

H. Jay Folberg, John A. Strait, Legal Aid Service, Portland, Or., for petitioner.

L. Patrick Gray, III, Asst. Atty. Gen., Department of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Jack G. Collins, First Asst. U. S. Atty., Portland, Or., Harland F. Leathers, Jeffrey F. Axelrad, Attys., Dept. of Justice, Washington, D. C., for United States of America.

OPINION

ALFRED T. GOODWIN, Judge:

These proceedings challenge the constitutionality of the filing fees required by the Bankruptcy Act.

Petitioner, moving under Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), seeks review of a referee's refusal to allow her to file a voluntary petition of bankruptcy without paying a $50.00 filing fee. Because the petition attacks the constitutionality of the statute which demands the payment of the filing fee, the Attorney General has intervened. 28 U.S.C. § 2403.

The petition challenges 11 U.S.C. § 32(b) and (c) (which require filing fees for bankruptcy petitions); 11 U.S.C. § 68(c) (1) (which effectively precludes *in forma pauperis* proceedings in bankruptcy); 11 U.S.C. § 95(g) (which re-

quires dismissal of bankruptcy petitions, without notice to creditors, for nonpayment of filing fees).

Petitioner is indigent. For the purpose of this case, I assume that she cannot pay the fee in installments as permitted in certain cases when 11 U.S.C. § 68(c) is read with General Order in Bankruptcy 35(4) (b), (c) (see Amendments of General Orders in Bankruptcy, 331 U.S. 873, 876–877 (1947) ).

Petitioner asserts that any filing fee requirement is unconstitutional because the requirement acts to exclude from the bankruptcy courts the persons most in need of bankruptcy relief: the poor. She contends that the filing fee discriminates against the poor, and in so discriminating offends the due-process clause of the Fifth Amendment.

In re Garland, 428 F.2d 1185 (1st Cir. 1970), held the fees to be constitutional. The Ninth Circuit does not appear to have passed upon the question.

■ Access to court is a fundamental interest of citizenship, and the government's purely economic justification for bankruptcy filing fees is not a sufficiently compelling interest to make such fees a precondition of access to the courts. In re Smith, 323 F.Supp. 1082 (D.Colo.1971); In re Kras, 331 F.Supp. 1207 (E.D.N.Y.1971).

Apparently in response to the argument that access to court is a "fundamental" right, the *Garland* court had noted that bankruptcy proceedings are more "administrative" than they are "judicial." 428 F.2d at 1187.

There are no manageable standards by which a district court, for constitutional purposes, can with confidence call one form of litigation "administrative" and the other "judicial." Access to court is a fundamental interest no matter how one attempts to characterize the proceeding. In re Smith, *supra*.

I find from the present record both a prohibitive fee (for the poor), as well as a fundamental interest which the fee re-

quirement denies those who cannot meet it. Even if the wealth barrier is not, alone, suspect enough to warrant application of the compelling-interest test, that test is appropriate when the government seeks to exclude a citizen from the courts because of that person's poverty. The government has not stated a compelling justification for denying court access to the poor.

■ Congress intended the filing fee to make the bankruptcy system self-supporting. The scheme has been partially successful. Affording indigents free bankruptcy service would make it difficult for the bankruptcy system to function without a subsidy which Congress may or may not see fit to grant. Financial considerations alone, however, have never been found compelling enough to justify the government's denial of fundamental interests to the poor. In Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), the Court held that state-imposed residency requirements for welfare recipients could not be justified by the state's need to save money. The criminal law has long since been deprived of any price tags. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 19 L.Ed.2d 1176 (1963). Clearly, then, governmental thrift is not a compelling state interest which can justify the exclusion of the poor from the court. In re Smith, *supra*.

■ The bankruptcy filing fee, as it applies to indigents, thus violates the principles of equal protection of the laws. Equal justice should be without purchase. On these grounds, alone, the filing fee, as applied, is unconstitutional.

■ Petitioner also relies upon Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), which held unconstitutional Connecticut's $45.00 filing fee for divorce cases. In so holding, the Court had an opportunity to place its decision on equal-protection footing. But only two justices (Douglas and Brennan, JJ.) argued that the filing fee

in *Boddie* presented a classic equal-protection violation. The majority grounded the decision on due process. Assuming the correctness of the majority holding, I can think of no relevant due-process reason for attempting to distinguish between the right to be judicially freed from an unwanted spouse and the right to be judicially liberated from harassment by general creditors.

One court has expressed the fear that if the filing fees were held invalid many persons who could, in reality, afford to pay fees might avoid paying them by spurious claims of indigency. In re Garland, *supra*. But In re Smith rejected this rationale.

In this case, petitioner receives from welfare ADC grants which, with sporadic support from her ex-husband, total $223 per month. She claims to have no other assets. Petitioner further alleges that she pays $130 per month on housing, food, and utilities, and $23.25 per month on two life insurance policies for her children. Petitioner says that the balance of her monthly "income" is spent on washing, cleaning supplies, drugs and medicine, clothing, and transportation expenses. Like the petitioner in In re Smith, Mrs. Naron seems to be indigent. I am satisfied that the Congress and the courts can deal with spurious claims of indigency, should they arise.

The petitioner cannot constitutionally be denied the right to file her petition. She says she cannot pay the fee by installments. She can try. But if, after a reasonable opportunity to pay under the installment method, the petitioner still cannot pay, and if she otherwise would be eligible for discharge, the referee should make appropriate findings and grant relief in a manner consistent with the views expressed herein.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).