**Frank O'BRIEN, Plaintiff,**

v.

**The Honorable R. E. TREVETHAN, Referee in Bankruptcy, Defendant.**

**Herbert E. SANDS, Plaintiff,**

v.

**The Honorable R. E. TREVETHAN, Referee in Bankruptcy, Defendant.**

**Civ. Nos. 14514, 14515.**

United States District Court,
D. Connecticut.

Jan. 3, 1972.

William H. Clendenen, Jr., Stuart Bear and David M. Lesser, New Haven Legal Assistance, New Haven, Conn., for plaintiffs.

## RULING ON PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT

CLARIE, District Judge.

The plaintiffs, both of whom are petitioners in bankruptcy, have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., and have invoked the Court's jurisdiction under the Mandamus and Venue Act, 28 U.S.C. § 1361. They seek an order requiring the defendant-Referee in Bankruptcy to certify and transmit to this Court plaintiffs' petitions for review of the orders made by him without payment of the $10.00 filing fee. They allege that they are indigent and that, as applied to them, the filing fee deprives them of their due process and equal protection rights under the fifth amendment to the federal constitution. The plaintiffs also maintain that they qualify for a waiver of the filing fee under 28 U.S.C. § 1915. No genuine issue exists as to any material fact, and both cases are appropriate for summary judgment. The Court finds the plain-

tiffs' claims are meritorious and the requested relief is granted.[1]

Both plaintiffs were denied discharges in bankruptcy, because they failed to comply with orders of the Referee directing them to turn over federal income tax refunds to the trustee. The plaintiffs contend that these orders are not authorized by the Bankruptcy Act and are inconsistent with the Supreme Court's decision in Lines v. Frederick, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970).

When review of the Referee's orders denying them discharges was sought under 11 U.S.C. § 67(c), in this Court, he refused to certify and transmit to this Court the petitions for review, as required by 11 U.S.C. § 67(a) (8), because the $10.00 filing fees were not paid. The Judicial Conference of the United States, on September 23, 1965, amended the Schedule of Special Charges pursuant to 11 U.S.C. § 68(c) (3), to require payment of the $10.00 filing fee at the time of the filing of a petition for review. 2 Collier, Bankruptcy (14th ed. 1969), § 40.05, at 1574-1575. Such a fee is also required by Rule 3(f) of the Bankruptcy Rules of this District.

The Referee denied plaintiffs' motions for a waiver of the fees, and concluded such a procedure was not authorized by 28 U.S.C. § 1915, nor was it required by the Due Process Clause of the fifth amendment.

### Jurisdiction

The plaintiffs maintain that the Court has subject matter jurisdiction under the Mandamus and Venue Act, 28 U.S.C. § 1361. That section provides:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

---

1. Because the Department of Justice has declined to defend these suits on behalf of the Referee, the Court is without the benefit of the Government's arguments. Pursuant to the Referee's request, however, this Court has not entered judgment for the plaintiffs by default, but has instead considered the decisions and opinions of the Referee, in reaching a decision in these cases.

The issue clearly posed by these two cases is whether they present issues "in the nature of mandamus." *See, generally,* Byse and Fiocca, § 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action, 81 Harv.L.Rev. 308 (1967).

In Guffanti v. Hershey, 296 F.Supp. 553 (S.D.N.Y.1969), the court said:

"It is established that before such a writ (under § 1361) may issue it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, plainly defined, and peremptory. The duty sought to be exercised must be a positive command and so plainly prescribed as to be free from doubt. Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir.) cert. denied 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67 (1966)." 296 F.Supp. at 555.

*See also,* Feliciano v. Laird, 426 F.2d 424, 429 (2d Cir. 1970).

■ The plaintiffs contend that the defendant-Referee failed to perform the duty imposed upon him by 11 U.S.C. § 67(a) (8), which provides:

"Referees shall . . . (8) prepare promptly and transmit to the clerks certificates on petitions for review of orders made by them, together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits. . . ."

This duty is clearly ministerial. The statute leaves no room for the exercise of the Referee's discretion. There is a legal question however, as to whether the exercise of that ministerial duty may be conditioned upon the payment of a fee. The

existence of this legal issue does not thereby make this an inappropriate case for mandamus to issue. *Cf.* Carey v. Local Board No. 2, Hartford, Connecticut, 297 F.Supp. 252, 254 (D.Conn.1969), aff'd 412 F.2d 71 (2d Cir. 1969). The Court finds that jurisdiction does exist under § 1361. *See* Byse and Fiocca, *supra,* 81 Harv.L.Rev. 308.

### Discussion on Merits

The plaintiffs claim that the $10.00 appellate review filing fee should be waived under 28 U.S.C. § 1915. The threshold question thus presented is whether Congress, in abolishing the in forma pauperis bankruptcy petition, in 1946, intended to preclude the application of § 1915 to the filing fee required to permit a petition for review. There is a line of judicial authority which has held that § 1915 cannot be applied to waive the $50.00 entry fees, as a prerequisite to the commencing of a bankruptcy petition. *See* In re Garland, 428 F.2d 1185 (1st Cir. 1970), cert. denied, 402 U.S. 966, 91 S.Ct. 1624, 29 L.Ed.2d 130 (1971); In Matter of Smith, 323 F.Supp. 1082 (D.Colo. 1971); In re Kras, 331 F.Supp. 1207 (E. D.N.Y.1971). These cases reason that since Congress eliminated the bankruptcy petition in forma pauperis, it would be inconsistent with Congressional intent to apply § 1915 to waive the $50.00 filing fee.[2] However, it is important to note, that when Congress abolished the bankruptcy petition in forma pauperis, Congress substituted in its place a provision authorizing the payment of the filing fees in installments. 11 U.S.C. § 68(c) (1).[3] No such provision was made in the law, however, for the payment in installments of the $10.00 filing fee covering the petition for review. Since Congress has not provided such an alternative, the Court concludes that it did not intend to pre-

2. In *Smith, supra,* Judge Arraj pointed out that "(I)t would be unreasonable to conclude that Congress intended to grant through the earlier *in forma pauperis* statute what it specifically denied in a later version of the Bankruptcy Act . . ." 323 F.Supp. at 1085.

3. Supreme Court General Order in Bankruptcy 35(4), 331 U.S. 876 (1947), provides for the payment of the $50.00 filing fees in installments over a period as long as nine months.

clude the application of § 1915 to the fee applicable to the petition for review.

The Supreme Court has clearly articulated the thrust of § 1915:

"Section 1 of that statute (the predecessor to 28 U.S.C. § 1915) is intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." Adkins v. E. I. DuPont De Nemours & Co., 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed. 43 (1948).

■ A petition for review constitutes an "appeal," within the District Court judicial structure; the bankruptcy division is but an agency and arm of that court. The explicit language of 28 U.S.C. § 1915 contemplates that it should be applicable to such appeals.

■ The plaintiffs have filed affidavits which qualify them as indigents unable to pay the required fee; both plaintiffs list living expenses in excess of current income. *See* In re Smith, *supra,* 323 F.Supp. at 1091–1093.[4] The Court finds that Congress did not intend to preclude the application of § 1915 to this situation and the defendant-Referee is directed to accept their petitions for review, without payment of the $10.00 filing fee.

The plaintiffs represent that this case should be controlled by the recent decision of the Supreme Court in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). In that case, the Court held that a state cannot under the Due Process Clause of the fourteenth amendment deny access to its courts to those indigents, who in good faith seek judicial dissolution of their marriage, but are unable to afford the requisite court fees and costs. It found that since such

access is the "exclusive precondition to the adjustment of a fundamental human relationship," 401 U.S. at 383, 91 S.Ct. at 788, due process requires a "meaningful opportunity to be heard." 401 U.S. at 377, 91 S.Ct. 780.

*Boddie* carefully limited its holding to situations where both a fundamental interest is involved and where the Government exercises an effective monopoly of the means for resolving a dispute concerning that interest. These two elements are glaringly apparent in the present cases.

■ The economic stability of an individual is generally regarded as a matter of fundamental importance. The right of these plaintiffs to a fresh start in life through a discharge in bankruptcy is as significant as the right to a divorce protected in *Boddie. See* Meltzer v. C. Buck LeCraw & Co., 402 U.S. 954, 958, 91 S.Ct. 1624, 29 L.Ed.2d 124 (1971) (Black, J., dissenting from denial of certiorari); Note, The Supreme Court, 1970 Term, 85 Harv.L.Rev. 3, 107, n. 17.

In *Boddie* the Court said:

"Resort to the judicial process by these plaintiffs is no more voluntary in a realistic sense than that of the defendant called upon to defend its interests in court." 401 U.S. at 376–377, 91 S.Ct. at 785.

So also neither can one obtain a judicial discharge of his debts, except through a court adjudication of his petition in bankruptcy. As in *Boddie,* the Government exercises a monopolization over the process of dispute settlement in this area. *See Meltzer, supra,* 402 U.S. at 957, n. 2, 91 S.Ct. 1624 (Black, J., dissenting from denial of certiorari). *But see* Note, *supra,* 85 Harv.L.Rev. at 107, n. 16. The courts are the only forum "effectively empowered" to discharge these plaintiffs from their debts. 402 U.S. at 376, 91 S.Ct. 780.

---

4. In In re Smith, *supra,* Judge Arraj pointed out that,

"(W)e think it fair to state that a person who cannot afford to live from day to day and also pay the cost of a court filing fee is indigent for the purpose of being entitled to proceed without prepayment of costs." 323 F.Supp. at 1092.

■ The Court in *Boddie* also pointed out that:

"(D)ue process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." 401 U.S. at 377, 91 S.Ct. at 785.

The question of whether there exists "sufficient countervailing justification," 401 U.S. at 380–381, 91 S.Ct. 780, for the Government's imposition of the $10.-00 filing fee here is adequately answered by *Boddie*. The Court found unconvincing the arguments there, that filing fees discourage frivolous litigation or that it is essential that fees be imposed to partly finance the court system. There is no "necessary connection" between a bankrupt's assets and the seriousness of his motives in seeking redress. 401 U.S. at 381, 91 S.Ct. 780. Indeed, the contrary may often be the case. The governmental financing argument is not sufficiently weighty to justify foreclosing a petitioner in bankruptcy from the full court access and judicial review which is available to others, who can afford the fee. 401 U.S. at 382, 91 S.Ct. 780.

Inasmuch as a petition for review is, in a sense, an "appeal," there is the question of whether or not the rationale of *Boddie* applies, since these plaintiffs have already received an adjudication of their claims below. *See* Note, *supra*, 85 Harv.L.Rev. at 112. Access to an appellate court is an essential part of the plaintiffs' right to a "meaningful opportunity to be heard." *Cf.* Frederick v. Schwartz, 296 F.Supp. 1321 (D.Conn. 1969) (three-judge court) (holding court filing fee to appeal ruling of welfare commissioner constitutional), vacated and remanded for reconsideration in light of Boddie v. Connecticut, 402 U.S. 937, 91 S.Ct. 1624, 29 L.Ed.2d 1705 (1971); Gatling v. Butler, 52 F.R.D. 389, 397–398 (D.Conn.1971) (three-judge court) (holding Connecticut filing fee for appeal from adjudication of juvenile delinquency unconstitutional as applied to an indigent); *see also*, Bynum v. Connecticut Commission on Forfeited Rights, 410 F. 2d 173 (2d Cir. 1969) (involving a $5.00 filing fee, as a condition precedent for a felon to apply for restoration of electoral franchise).

As the late Justice Black so ably commented in his dissent when the Court denied certiorari in Meltzer v. C. Buck LeCraw & Co., 402 U.S. 954, 955, 958, 91 S.Ct. 1624, 1625, 29 L.Ed.2d 124:

"(T)he decision in Boddie v. Connecticut can safely rest on only one crucial foundation—that the civil courts of the United States and each of the States belong to the people of this country and that no person can be denied access to those courts, either for a trial or an appeal, because he cannot pay a fee, finance a bond, risk a penalty or afford to hire an attorney."

. . . . . .

"(T)he need . . . to file for a discharge in bankruptcy seems to me to be more 'fundamental' than a person's right to seek a divorce. Society provides welfare to ensure the survival of the unfortunate. And bankruptcy is designed to permit a man to make a new start unhampered by overwhelming debts in hopes of achieving a useful life."

■ The Court concludes that the imposition of the $10.00 filing fee upon the plaintiffs here unconstitutionally deprives them of their fifth amendment rights to due process.[5] *Cf.* Frederick

---

5. Although the issue presented in these cases may also have been analyzed under equal protection concepts (*See, e. g.*, Lee v. Habib, 137 U.S.App.D.C. 403, 424 F.2d 891 (1970); In re Naron, 334 F.Supp. 1150 (D.Or.1971); In re Kras, *supra*; In Matter of Smith, *supra*), this Court proceeded with only a due process analy-

sis because the Supreme Court predicated its decision in *Boddie* solely on due process grounds. In their concurring opinions in *Boddie*, however, Justices Douglas and Brennan employed an equal protection analysis. In a later case, Justice Black also indicated a willingness to test access to court issues with the equal protection

**1034**

v. Schwartz, *supra;* Gatling v. Butler, *supra;* In re Naron, 334 F.Supp. 1150 (D.Or.1971); In re Kras, 331 F.Supp. 1207 (E.D.N.Y.1971); In Matter of Smith, 323 F.Supp. 1082 (D.Colo.1971). *But see* In re Garland, 428 F.2d 1185 (1st Cir. 1970), cert denied 402 U.S. 966, 91 S.Ct. 1624, 29 L.Ed.2d 130 (1971). *But cf.* Chidsey v. Guerin, 443 F.2d 584 (6th Cir. 1971).

Finally, as both the *Smith* and *Kras* courts concluded with regard to the initial $50.00 filing fees, the referee may, constitutionally, "make provision for the survival of (plaintiffs') obligation to pay the filing fee," 331 F.Supp. at 1213, "if and when (they are) no longer indigent and can pay the fee without undue hardship." 323 F.Supp. at 1093.[6]

The Referee is ordered to certify and transmit the petitions for review to this Court without prepayment of the $10.00 filing fee. So ordered.

concept. Meltzer v. C. Buck LeCraw & Co., 402 U.S. 954, 91 S.Ct. 1624, 29 L.Ed. 2d 124 (1971) (Black, J., dissenting from denial of certiorari).

6. In In re Smith, *supra,* Judge Arraj stated:

"We think it would be constitutionally permissible, and also appropriate, for the referee, at the final disposition of this case, to fashion an order resembling a judgment for costs, which order would provide that petitioner's obligation to pay the filing fee is not permanently discharged but would arise again if and when she is no longer indigent and can pay the fee without undue hardship. We believe that such an order would not only be constitutionally permissible but would also further the congressional purpose of making the bankruptcy system, insofar as possible, self-supporting." 323 F.Supp. at 1093.