Settle order on notice.

Salvatore **SPATOLA**, Plaintiff,

v.

**U. S. DEPARTMENT OF DEFENSE** and **U. S. Selective Service System,**
**Defendants.**

**No. 71 Civ. 5099.**

United States District Court,
S. D. New York.

July 13, 1972.

Elmer Fried, New York City, for plaintiff.

Whitney North Seymour, Jr., U. S. Atty., New York City (Joseph P. Marro, Asst. U. S. Atty., New York City, of counsel), for defendants.

## MEMORANDUM

TENNEY, District Judge.

This is a rather unusual action whereby the plaintiff, Salvatore Spatola, is seeking an order from the Court directing the "Defense Department" and the Selective Service System to either immediately induct him into the armed forces or in the alternative to order defendants to permit him to retake the mental examination and if he passes to induct him and to order the Selective Service System to reclassify him 1–A. While the relief requested is a bit out of the ordinary, especially in light of the efforts of many young men today to avoid military service, plaintiff is faced with what he apparently considers the less attractive alternative, deportation to Italy.

The essentially undisputed facts are as follows. Plaintiff is a single, male alien, twenty-five years of age and a native and citizen of Italy. He first entered the United States as a stowaway in 1962, was shortly thereafter apprehended and deported to Italy. Sometime in June 1963 he illegally reentered this country and managed to avoid discovery until October 1970 when he was again apprehended by the immigration authorities. Proceedings to deport Mr. Spatola were begun on October 13, 1970, and three days later he applied to the Selective Service System for voluntary induction into the armed forces.

At the deportation hearing held on November 16, 1970 Mr. Spatola apparently conceded he was an alien deportable to Italy pursuant to 8 U.S.C. § 1251(a)(1) and an order of deportation was duly entered by the Special Inquiry Officer. The Board of Immigration Appeals affirmed that order and the Court of Appeals for the Second Circuit dismissed a petition to review the order. Plaintiff is presently under an outstanding order of deportation and if his attempt to gain induction into the army fails will be returned to Italy.

While the deportation proceedings were pending, Spatola was notified by Selective Service Local Board No. 29B to report on December 17, 1970 for induction. Plaintiff reported to the Armed Forces Examining and Entrance Station ("AFEES") in New York City and after passing the physical examination proceeded to take the mental qualification

test. Plaintiff was administered the Armed Forces Qualification Test ("AFQT")[1] which consists of 100 multiple choice questions with a minimum passing score for induction purposes of 10. Plaintiff received a score of 9 and a review of the answer sheet by Lt. Davis C. Tracy confirmed the failure. When his test score was considered in light of his fifth grade education, plaintiff was found mentally unacceptable for induction.

On January 6, 1971, Local Draft Board No. 29 received a request from Spatola for permission to retake the mental exam. The request was approved and the local board notified plaintiff to report for induction on March 25, 1971. Plaintiff did as he was instructed and when recognized by Lt. Tracy was directed to leave the examining room and was denied permission to retake the exam. The incident was reported to the Acting Commanding Officer of the induction center, Captain Vopri, who upon inquiry determined that plaintiff had been sent for re-examination without any indication of his previous rejection and that the request for re-examination had not been in conformity with Army Regulation 601–270 ¶ 4–9d. Plaintiff was not permitted to retake the mental exam and a letter dated March 25, 1971 was mailed to the New York City Headquarters, Selective Service System and to the local draft board informing them of the irregularity and the applicable regulations.

In April 1971 the New York City Headquarters, Selective Service System requested by letter addressed to Colonel Weall, the Commanding Officer of AFEES, permission for plaintiff to retake the mental exam. Col. Weall informed the Director of the New York City Headquarters that he would submit a negative recommendation on the request because plaintiff, as a deportable alien, was ineligible for induction under AR 601–270 ¶ 3–12. The New York City Headquarters then withdrew its request and notified the local draft board which subsequently reclassified plaintiff 4–F, not qualified for any military service.

Plaintiff then filed the within complaint setting forth two causes of action which in essence claim that he has a right to be inducted into the armed forces of the United States; that he had a right to retake the mental examination within six months of his initial failure; and that he has a right to be reclassified 1–A. He further claims the actions of the defendants in denying him these "rights" were arbitrary, capricious, and in violation of his statutory and constitutional rights. Significantly, however, Spatola does not identify the sources of these rights other than to make a general reference to equal protection and the fifth amendment. Plaintiff has not been able to cite one case or one statute in his favor. Jurisdiction is founded on 5 U.S.C. § 702 and 28 U.S.C. § 1361. Defendants have now moved pursuant to Fed.R.Civ. P. 12(b)(1) and (6) to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Before turning to the merits of defendants' motion, it would be helpful to set out the applicable statutory and regulatory framework. The Military Selective Service Act of 1967, section 10(b)(3), 50 U.S.C. App. § 460(b)(3) (Supp. I, 1971) provides in pertinent part:

> "No judicial review shall be made of the *classification or processing of any registrant* by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix] . . . : *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant." (Emphasis added.)

Army Regulation 601–270 provides in part:

¶ 3–12 Registrants ineligible for induction—

"Registrants who fail to meet the prescribed medical, mental, and moral standards are ineligible for induction.

The following categories are also ineligible:

a. Aliens who have deportation proceedings filed and pending against them will be processed in the same manner as registrants who have criminal charges filed and pending against them (¶ 3–9c).

¶ 3–9c. Criminal charges filed and pending—

(1) Men who have criminal charges filed and pending against them alleging a violation of State, Federal, or territorial statute are unacceptable.

¶ 4–9 d. Registrants, whose records indicate a previous AFQT score of less than 10 as a registrant, may be retested upon the written request of the Selective Service if circumstances warrant retesting. Each request will be evaluated on its own merits; however, retesting normally will not be authorized sooner than 1 year after the date of the original test. Approval authority for these retests will be Headquarters, U. S. Army Recruiting Command."

The relevant jurisdiction statutes are as follows:

5 U.S.C. § 701 provides:

"(a) This chapter applies, according to the provisions thereof, except to the extent that—

(1) statutes preclude judicial review; or

(2) agency action is committed to agency discretion by law."

5 U.S.C. § 702 provides:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

28 U.S.C. § 1361 provides:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

■ Turning then to the merits of defendants' motion to dismiss the complaint, it is clear that mandamus jurisdiction (section 1361) is available only when the claim involved is "clear and certain and the duty of the officer involved [is] ministerial, plainly defined, and peremptory. The duty sought to be exercised must be a positive command and so plainly prescribed as to be free from doubt." Guffanti v. Hershey, 296 F.Supp. 553, 555 (S.D.N.Y.1969). While mandamus may be used to compel the exercise of discretion by an officer, the Court may not influence the exercise thereof. Moreover, since the Court cannot direct the exercise of discretion in a particular manner, "it has little control over the propriety of a decision that has been made." Casarino v. United States, 431 F.2d 775, 777 (2d Cir. 1970), absent a situation where the exercise of that discretion has greatly exceeded any rational bounds. Nixon v. Secretary of the Navy, 422 F.2d 934, 939 (2d Cir. 1970); United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371, 374 (2d Cir. 1968), cert. denied, 394 U.S. 929, 89 S.Ct. 1195, 22 L.Ed.2d 460 (1969).

■ Thus, if mandamus jurisdiction is available over this action, plaintiff must clearly demonstrate the existence of a duty owed him by defendants. While Spatola claims certain rights in his complaint, as indicated *supra* he has not made known the source of those rights nor has the Court discovered their source. Rather the only apparent duty owed plaintiff by defendants was the duty to process his application in accordance with applicable Army Regula-

tions, *see* Smith v. Resor, 406 F.2d 141 (2d Cir. 1969), and plaintiff does not contest defendants' assertion that all applicable regulations were followed. Rather he complains that the refusal of the defendants to permit him to retake the mental examination was an abuse of discretion and in violation of his "right" to be inducted. Yet, the language of ¶ 4–9d of AR 601–270 makes it clear that permission to retake the mental examination is highly discretionary and as such is not reviewable by this Court. *E. g.*, Raderman v. Kaine, 411 F.2d 1102 (2d Cir.), cert. dismissed, 396 U.S. 976, 90 S.Ct. 467, 24 L.Ed.2d 447 (1969). Accordingly, the action of the "Defense Department" in refusing to permit plaintiff to retake the mental examination was a valid exercise of discretion which this Court has no power to review, and mandamus jurisdiction is not present.

Plaintiff has also relied upon the Administrative Procedure Act, 5 U.S.C. § 701 et seq., for judicial review of the action of the defendants. Section 701 precludes judicial review where it is prohibited by statute and where the agency action is by law given to agency discretion. As already indicated, the action of the Army in refusing to permit plaintiff to retake the mental examination was within its discretion, precluding judicial review under section 702. With regard to the action of the local draft board in reclassifying Spatola 4–F, the Military Selective Service Act of 1967 proscribes judicial review of a registrant's classification unless there is no basis in fact for the classification, 50 U.S.C. § 460(b)(3) (Supp. I, 1971) or unless the action of the local board is "blatantly lawless." Stella v. Selective Service System, Local Board No. 66, 427 F.2d 887 (2d Cir. 1970). Since plaintiff did fail the mental examination and is a deportable alien the action of the local board has a factual basis and is in accordance with the law. Plaintiff has referred the Court to no action of the local board and to no statute that would suggest a contrary conclusion. Accordingly, jurisdic-

tion over plaintiff's complaint is also not available under the Administrative Procedure Act.

Finally, inasmuch as ¶¶ 3–9 and 3–12 of AR 601–270 provide that an alien against whom deportation proceedings are pending is ineligible for induction, plaintiff has no right to be inducted into the armed forces and thus his complaint fails to state a claim upon which relief can be granted. Unquestionably, absent extraordinary circumstance not present in this case, the courts should not review the standards established by the military for induction or a determination that a registrant is unfit for service. It is an area of inquiry over which the courts have no competence.

Accordingly, and for the foregoing reasons, defendants' motion to dismiss the complaint is granted.

So ordered.