**Alan Dean HUDSON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 29632**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1970.

**1312**

Frank B. Hester, Atlanta, Ga., for petitioner-appellant; Alan Dean Hudson, pro se.

Robert W. Rust, U.S. Atty., Michael J. Osman, Asst. U.S. Atty., Miami, Fla., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ Hudson appeals the denial of his motion under 28 U.S.C. § 2255. We affirm.[1]

In 1967 Hudson was convicted of violating the counterfeiting laws. 18 U.S. C. § 472. He unsuccessfully appealed the conviction, Hudson v. United States, 387 F.2d 331 (5th Cir.1967), cert. denied 393 U.S. 876, 89 S.Ct. 172, 21 L.Ed.2d 147 (1968), then brought this action. His motion raised three grounds: (1) ineffective assistance of counsel, (2) prosecutorial use of perjured testimony, and (3) introduction into evidence, over objection, of the contents of a tape recording made of a telephone conversation between Hudson and Davis, a business associate. Only the third ground is urged on appeal, plus a new claim that admission of testimony containing statements made by alleged coconspirators vi-

olated Hudson's rights to due process and confrontation.

■ Hudson contends that the contents of the tape recording were inadmissible because obtained in violation of 47 U.S.C. § 605, and that the introduction of such evidence violated rights secured him by the Fourth Amendment. But Davis consented to the government's recording of the conversation, so that there was no "interception" prohibited by 47 U.S.C. § 605, the contents of the recording were not illegally seized, and their introduction into evidence did not violate the Fourth Amendment. Koran v. United States, 408 F.2d 1321 (5th Cir.1969); Harris v. United States, 400 F.2d 264 (5th Cir.1968); Dryden v. United States, 391 F.2d 214 (5th Cir. 1968); Mach v. United States, 352 F.2d 85 (5th Cir.1965).

■ The new claim was not raised in the District Court thus may not be considered on appeal. Dryden v. United States, 403 F.2d 1008, 1009 (5th Cir. 1968).

Affirmed.

---

1. Pursuant ot our Rule 18 this case is decided without oral argument.