475 P.2d 1011

Robert HORTENCIO, Plaintiff and Appellant,

v.

Dewey FILLIS, Chief of Police of Salt Lake City, Utah, Defendant and Respondent.

No. 11963.

Supreme Court of Utah.

Oct. 28, 1970.

Ronald N. Boyce, Salt Lake City, for plaintiff-appellant.

Jack L. Crellin, City Atty., Roger F. Cutler, Asst. City Atty., Salt Lake City, for defendant-respondent.

TUCKETT, Justice.

The plaintiff filed his petition in the District Court of Salt Lake County for a writ of habeas corpus. The plaintiff claims that his constitutional rights were violated by the City Court of Salt Lake City in a criminal proceeding wherein he was denied the assistance of counsel in his defense.

From an adverse decision in the court below the plaintiff has appealed to this court seeking a reversal and discharge from a balance of a six-month sentence imposed upon him.

In August 1969, the plaintiff was arrested and charged with disturbing the peace and public intoxication in violation of the ordinances of Salt Lake City. On his arraignment in the City Court of Salt Lake City, the plaintiff was informed of his right to be represented by counsel and he entered a plea of not guilty and requested the court to appoint counsel to assist him at the trial. The plaintiff was unemployed and possessed only meager personal belongings and was financially unable to retain counsel. The judge of the City Court denied the plaintiff's request on the ground that he did not have authority to appoint counsel for an indigent charged with a misdemeanor. Prior to the date of trial the plaintiff entered a plea of guilty and was sentenced to serve six months in the city jail, which sentence was suspended by the court, and the plaintiff was placed on probation for the period of one year. Subsequently the plaintiff was again arrested and charged with public intoxication. A probation revocation hearing was had which resulted in the plaintiff being ordered to serve the jail sentence pronounced by the court. At the revocation hearing the plaintiff requested the court to appoint counsel to assist him.

The plaintiff here contends that denial of his right to counsel was in violation of Section 12, Article I, of the Utah Constitution, and of the Sixth and Fourteenth Amendments to the United States Constitution. The Sixth Amendment provides that in all criminal prosecutions the accused shall enjoy the right to have the as-

sistance of counsel for his defense. The United States Supreme Court in the case of Gideon v. Wainwright [1] decided that an indigent defendant who was charged with a felony in a state court was entitled to the assistance of appointed counsel, and that the failure of the state court to assign counsel to assist the defendant in his own defense was in violation of the due process clause of the Fourteenth Amendment. This constitutional standard was approved by this court in the case of Alires v. Turner.[2]

All persons charged with a criminal offense are entitled to be represented by counsel, and here we are asked to hold that an indigent defendant charged with a misdemeanor is entitled to have counsel assigned to represent him.

The cases from other jurisdictions dealing with the right of a defendant charged with a misdemeanor to have appointed counsel to assist him are in conflict. The decisions of state courts that have dealt with the problem go in both directions. The decisions from the federal circuit courts are likewise in conflict. The United States Supreme Court has denied certiorari to state appellate courts; and the ruling in Gideon has not been extended to misdemeanor cases.[3]

In 1965 the Utah Legislature provided for the assignment of counsel to represent indigent defendants and to authorize the expenditure of public funds for that purpose. The terms of the legislative enactment limited its purpose to those cases in which the penalty to be imposed could exceed confinement for more than six months in a jail or prison. It would seem that the Legislature did not intend that public funds be used to pay assigned counsel for indigent defendants in such misdemeanor cases.

We must conclude that although everyone accused of crime has a right to counsel, he does not have the constitutional right to counsel at public expense when charged with a misdemeanor in a city or justice of the peace court.[4] We are of the opinion that it should be left to the Legislature, if it so desires, to expand the system of assigned counsel to misdemeanor cases and to provide for the expenditure of public funds for that purpose.

We do not mean to imply that a court may not exercise its inherent powers to assign counsel to assist indigent defendants in the more serious misdemeanor cases or where the complexity of the case would indicate that assistance of counsel is essential in assuring the defendant a fair trial.[5]

1. 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
2. 22 Utah 2d 118, 449 P.2d 241.
3. Winters v. Beck, 385 U.S. 907, 87 S.Ct. 207, 17 L.Ed.2d 137.
4. Hendrix v. City of Seattle (Wash.), 456 P.2d 696.
5. State v. Crank, 105 Utah 332, 142 P.2d 178.

The decision of the court below is affirmed.

No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.