No. 5795. HUDSON v. UNITED STATES. C. A. 5th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.*

The facts of these three cases are virtually identical. With minor variations in each case an informer placed a telephone call to the petitioner. The informer also consented to a Government agent's either listening to or recording the conversation without the knowledge of the petitioner. In no case did the Government attempt to obtain a search warrant. Then at the trials the recording of the conversation was either played or the agent testified to the substance of the conversation he overheard.

Perhaps the Court denies certiorari because any claim under the Federal Communications Act was eliminated in *Rathbun* v. *United States,* 355 U. S. 107. But it is time we re-examined that decision under the Fourth Amendment, because of the increasing surveillance under which we all live.

In *Katz* v. *United States,* 389 U. S. 347, 359, we said: "Wherever a man may be, he is entitled to know that he will remain free from unreasonable searches and seizures." Yet in these cases all the episodes were pre-arranged and, in spite of ample time to obtain warrants, none was sought.

I dissent from the doctrine that an individual begins to lose his constitutional rights the minute he answers the telephone.

Though I dissented in *United States* v. *White,* 401 U. S. 745, 756, the Court emphasized that where there was connivance of one party to the conversation who wears the recording device, the search could not be considered unreasonable. But here a third person, not a party to the

---

*This opinion also applies to No. 5053, *Lopez* v. *United States,* supra, and No. 5986, *Hickman* v. *United States, infra.*

conversation, is the interceptor. Thus does the law grow imperceptibly but surely toward creating in this Nation the totalitarian type of surveillance we profess to abhor.

I would grant certiorari and reverse these judgments.