James Michael **SWEETEN**, Plaintiff-Appellee,

v.

Charles H. **SNEDDON** and E. F. Ziegler, Judges of the City Court of Ogden City, State of Utah, individually and representative of all other Utah Judges similarly situated, Defendants-Appellants.

No. 71–1275.

United States Court of Appeals, Tenth Circuit.

July 7, 1972.

**714**

Paul D. Vernieu, Ogden, Utah, for plaintiff-appellee.

Larry V. Lunt, Salt Lake City, Utah (Vernon B. Romney, Atty. Gen., and Lauren N. Beasley, Chief Asst. Atty. Gen., on the brief), for defendants-appellants.

Before BREITENSTEIN, HILL, and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a civil rights action with jurisdiction grounded on 28 U.S.C. § 1343(3) and (4). The question is the right of an indigent defendant on state parole to have assistance of counsel in a state misdemeanor prosecution. The district court, 324 F.Supp. 1094, held that he had a constitutional right to counsel and permanently enjoined the state criminal prosecution unless counsel was secured for him. We held the case in abeyance to await the decision of the Supreme Court in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L. Ed.2d 530. That case was decided on June 12, 1972.

Plaintiff-appellee was charged in the city court of Ogden City, Utah, with exhibiting a deadly weapon in an angry and threatening manner in violation of Utah Code Ann. § 76–23–3. The offense is classified as a misdemeanor and is made punishable by imprisonment in a county jail for not exceeding 6 months or a fine of less than $300 or by both such imprisonment and fine. Utah Code Ann. § 76–1–16. At the time of his arrest on this charge, appellee was on parole from the Utah State Penitentiary and approximately 17 years and 5 months remained unserved on the sentence which caused his incarceration.

Utah provides, Utah Code Ann. § 77–64–1, for the appointment of counsel for indigents in criminal proceedings but the right is limited by § 77–64–2 to those indigents who are charged with a crime in which the penalty could be more than 6 months imprisonment. The Utah Supreme Court has held, Hortencio v. Fillis, 25 Utah 2d 73, 475 P.2d 1011, 1012, cert. denied 402 U.S. 966, 91 S.Ct. 1636, 29 L.Ed.2d 130, that an accused "does not have the constitutional right to counsel at public expense when charged with a misdemeanor in a city or justice of the peace court."

Upon his appearance in city court for arraignment, appellee claimed indigency and requested appointment of counsel. The court found indigency but, on the authority of § 77–64–2, refused to appoint counsel. This civil rights action against the judges of the city court was then brought in federal court for declaratory relief and an injunction against further prosecution of the state action. The federal court granted a temporary restraining order and a preliminary injunction. Later, the facts were stipulated and the case heard on its merits. The permanent injunction, from which this appeal is taken, was granted.

At the outset we are concerned with the federal injunction against further proceedings in a pending state criminal prosecution. The Supreme Court has made clear that the availability of injunctive relief in this context is narrowly confined, Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 677, 27 L. Ed.2d 701:

"Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."

Federal courts may only grant injunctive relief when "absolutely necessary for protection of constitutional rights" and where "the danger of irreparable loss is both great and immediate." Younger v. Harris, 401 U.S. 37, 45, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 and cases

**715**

there cited. Additionally, the threat to federally protected rights must be one that "cannot be eliminated by * * * defense against a single criminal prosecution." Ibid. at 46, 91 S.Ct. at 751.

The federal court recognized this rule and held that the denial of counsel and the possible effect that the misdemeanor conviction could have on appellee's parole status constituted great, immediate, and irreparable injury. It said, among other things, that "postponement or avoidance of the problem at this time would only compound the difficulties and uncertainties." The good faith of the state officials is unquestioned.

We believe the injunction was improvidently granted. The claimed denial of Sixth Amendment rights does not afford an adequate basis for enjoining the state criminal proceedings since appellee has an adequate remedy at law in the state trial of this case, an appeal to the state supreme court, and the right to petition the Supreme Court of the United States for review of any federal question. Tyler v. Russel, 10 Cir., 410 F.2d 490, 492. Hortencio v. Fillis, 25 Utah 2d 73, 475 P.2d 1011, cert. denied 402 U.S. 966, 91 S.Ct. 1636, 29 L.Ed.2d 130, does not foreclose state redress for appellee's denied request for appointed counsel. In that case the court stated that counsel may still be appointed in the more serious misdemeanor cases or where counsel is essential in assuring a fair trial. Ibid. 475 P.2d at 1012. Consequently, this issue can be resolved as readily in the criminal case as in a suit for an injunction. Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324.

The possible effect on appellee's parole status is likewise inadequate. A matter of "legislative grace not constitutionally mandated," parole from a state conviction is neither federally required or protected, provided a revocation hearing is "inherently fair." Alverez v. Turner, 10 Cir., 422 F.2d 214, 217, 220, cert. denied McDorman v. Turner, 399 U.S. 916, 90 S.Ct. 2221, 26 L.Ed.2d 574.

A threat to that status does not involve constitutional rights, see e. g. Dombrowski v. Pfister, 380 U.S. 479, 485–486, 85 S.Ct. 1116, 14 L.Ed.2d 22, and there is no claim that a parole revocation hearing, if held, would be improperly conducted.

Moreover, even assuming that the possible effect upon appellee's parole status involves a constitutional right, it is doubtful that the claimed injury is great, immediate and irreparable. The record does not reflect that an actual revocation hearing is pending, that there has been an actual threat that one will occur, or that appellee's conviction will necessarily result in revocation. See Boyle v. Landry, 401 U.S. 77, 80–81, 91 S.Ct. 758, 27 L.Ed.2d 696. If appellee is convicted of the misdemeanor charge and if a parole revocation hearing is held, appellee, who may have counsel appointed to represent him at such hearing, see Alverez v. Turner, supra, 422 F. 2d at 215, n. 1, can well point out possible flaws in a conviction obtained in a proceeding in which he was unrepresented.

Finally, injunctive relief will not satisfactorily eliminate danger to appellee's parole status. See Younger v. Harris, 401 U.S. 37, 50, 91 S.Ct. 746, 27 L.Ed.2d 669. The board can still revoke parole regardless of the outcome of the proceedings enjoined here. Instead of establishing great, immediate and irreparable injury, the record reveals nothing more than "speculation about the future." Boyle v. Landry, 401 U.S. 77, 81, 91 S.Ct. 758, 27 L.Ed.2d 696. The state criminal proceedings should not have been enjoined.

Be that as it may, the injunction goes beyond the requirements of Argersinger. In that case the Court held that where loss of liberty is involved, the Sixth Amendment requires the assignment of counsel, and said that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 92 S.Ct. 2012. In his con-

curring opinion the Chief Justice said, 92 S.Ct. at 2014:

"Because no individual can be imprisoned unless he is represented by counsel, the trial judge and the prosecutor will have to engage in a predictive evaluation of each case to determine whether there is a significant likelihood that, if the defendant is convicted, the trial judge will sentence him to a jail term."

■■ Argersinger forbids imprisonment without representation. It does not forbid trial without representation. The permanent injunction restrains the city judges "from further proceeding, by trial or otherwise" in the case against the appellee. Thus, the injunction is too broad and does not conform to the principles announced in Argersinger.

Reversed.