**SALT LAKE CITY CORPORATION et al., Plaintiffs and Appellants,**

**v.**

**SALT LAKE COUNTY, a Utah body politic, Defendant and Respondent.**

**No. 13467.**

Supreme Court of Utah.

Feb. 25, 1974.

---

Jack L. Crellin, Salt Lake City Atty., Roger F. Cutler, Asst. Salt Lake City Atty., Salt Lake City, for plaintiffs and appellants.

Carl J. Nemelka, Salt Lake Co. Atty., Kent S. Lewis, John G. Avery, Asst. Salt Lake Co. Attys., Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

The plaintiffs filed these proceedings in the district court seeking a declaration that Salt Lake County has the obligation to pay for legal counsel assigned by the city courts to represent persons charged with violations of city ordinances. The district court granted the defendant's motion for a summary judgment and ruled in effect that the County had no obligation to finance the cost of providing counsel to indigent misdemeanants who were charged with the violation of city ordinances.

Plaintiffs are here seeking a reversal claiming that Sections 17–5–55 and 77–64–1, Utah Code Annotated, 1953, as amended, imposed the financial responsibility of providing legal counsel on Salt Lake County. It is evident from a cursory reading of Section 17–5–55 that its intent was to deal with physical needs of poor and indigent persons and that it was not intended to deal with the problem of providing for the defense of indigent persons charged with crimes. Sections 77–64–1 et seq., deal in a comprehensive way with the problem presented in this matter.

In the case of Hortencio v. Fillis [1] this court dealt generally with the problem of whether a defendant has the constitutional right to counsel at public expense and in that connection we considered the provisions of Section 77–64–2, U.C.A.1953, which provides as follows:

Assigned counsel shall represent each indigent person who is under arrest for or charged with a crime in which the penalty to be imposed could be confinement for more than six months in either jail or prison, if:

(1) The defendant requests it, or

(2) The court, on its own motion or otherwise, so orders, and the defendant does not affirmatively reject of record the opportunity to be represented.

The plaintiffs point out that since our decision in Hortencio, the United States Supreme Court handed down a decision in the case of Argersinger v. Hamlin [2] which broadened the rule with respect to the right of counsel in criminal cases. The rule announced in that decision is as follows:

. . . absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.

We do not disagree with the rule of that case but in the matter before us we are only asked to decide whether or not the County is obliged to pay the cost of counsel assigned to represent defendants charged with violation of city ordinances. Cities are limited by state statutes to providing for penalties not to exceed fines in the sum of $299 and incarceration not to exceed six months, or both such fine and imprisonment, for the violation of the city ordinance. Had the legislature intended

1. 25 Utah 2d 73, 475 P.2d 1011.

2. 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530.

that the costs of representation be borne entirely by the counties it is unlikely that it would have adopted Section 77–64–7, which provides as follows:

> All expenditures by the counties and incorporated cities or towns which are necessary and proper to carry out the purposes defined in this chapter are hereby declared to be legitimate and proper uses of public funds and the counties and incorporated areas of this state are hereby authorized to levy and collect taxes for such purposes.

We are of the opinion that the plaintiffs should have addressed the problem to the legislature rather than to the courts inasmuch as the courts are without power to levy taxes or to provide for their expenditure for the purposes here advocated by the plaintiffs.

The judgment of the court below is affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.