**CITY OF ST. GEORGE, Plaintiff and Appellee,**

v.

**Brian K. SMITH, Defendant and Appellant.**

**No. 910148–CA.**

Court of Appeals of Utah.

July 30, 1991.

Brian Smith, St. George, pro se.

T.W. Shumway and Gary G. Kuhlmann, St. George, for plaintiff and appellee.

Before BILLINGS, BENCH and RUSSON, JJ. (Law & Motion).

## OPINION

PER CURIAM:

This matter is before the court on cross motions for summary disposition. Appellee argues that this court should dismiss the appeal for lack of jurisdiction or summarily affirm on the basis that the appeal presents no substantial question for review. Appellant asserts that his convictions for driving without a license and failure to furnish proof of financial responsibility should be summarily reversed for manifest error. We summarily affirm his convictions.

Preliminarily, we address whether this court has jurisdiction to decide this appeal. Appellant was tried on February 6, 1991. At the sentencing hearing on February 8, 1991, appellant failed to appear and a bench warrant was issued. Appellant filed his notice of appeal on March 4, 1991, but was not sentenced until April 26, 1991.

A notice of appeal must be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order appealed from. Utah R.App.P. 4. However, "a notice of appeal filed after the announcement of a decision, judgment, or order but before the entry of the judgment or order of the trial court shall be treated as filed after such entry and on the day thereof." Utah R.App.P. 4(c).

Appellee asserts that appellant's notice of appeal, which was filed after trial but before sentencing, was not filed after the "announcement of a decision, judgment, or order." We disagree. By using the disjunctive "or", Rule 4(c) clearly allows the notice of appeal to be filed after the announcement of either a decision, a judgment or an order. "Decision" is broadly defined to cover final judgments, interlocutory orders, or "the first step leading to a judgment." *Black's Law Dictionary* 366 (5th ed. 1979). Further, in *Nelson v. Stoker*, 669 P.2d 390 (Utah 1983), the court held that a notice of appeal was timely filed where it was filed after the trial court granted summary judgment but before the trial court executed findings of fact and conclusions of law. The Utah Supreme Court stated that the final written judgment was exactly in accord with the ruling appealed from and the defendant was not disadvantaged by the irregularity of the procedure. The court further noted that its holding was buttressed by policy considerations that recognize the difficulty of knowing when a judgment is executed.

In this case, appellant filed his notice of appeal after he was found guilty but before he was sentenced. We conclude that the

**1156**

trial court's determination of guilt qualifies as a "decision" under Rule 4(c). In addition, as in *Nelson,* the sentence was in accord with the guilty verdict and appellee was not disadvantaged by the early filing of the notice of appeal. Accordingly, we conclude that appellant's notice of appeal, which was filed after the announcement of the decision of guilt but before sentencing was timely filed under Utah R.App.P. 4(c).

■ We next consider appellant's claim that the trial court lacked jurisdiction because the information was defective. Specifically, appellant claims there was no valid complaint or complaining party and that the information failed to state a cause of action. To be sufficient, an information must sufficiently apprise a criminal defendant of the particulars of the charge to permit him to adequately prepare his defense. *State v. Wilcox,* 808 P.2d 1028 (Utah 1991). In this case, a citation was issued against appellant on October 12, 1990, charging him with driving on a denied license and failing to provide proof of financial responsibility. Appellant filed a petition to quash jurisdiction of the court on October 22, 1990, and the motion was denied on October 26, 1990. An information was filed on November 7, 1990, charging appellant with driving on a denied license and failure to furnish proof of financial responsibility. The information was based on evidence from the citing officer and stated the date, time, and place of the offense along with the signature of a complainant. Because the information sufficiently apprised appellant of the particulars of the charge, we reject appellant's claim that the information was insufficient.

■ Appellant also claims the trial court "failed to provide the Accused–Appellant with qualified, competent, unfettered assistance of counsel." We construe this argument as a claim that the trial court should have provided him with appointed counsel. Utah Code Ann. § 77–32–2 provides that counsel

shall be assigned to represent each indigent person who is under arrest for or charged with a crime in which there is a substantial probability that the penalty

to be imposed is confinement in either jail or prison if: (1) The defendant requests it; or (2) The court on its own motion or otherwise so orders and the defendant does not affirmatively waive or reject of record the opportunity to be represented.

In interpreting section 77–32–2, the Utah Supreme Court has held that defendants charged with violations of city ordinances are not entitled to counsel at public expense. *See Salt Lake City Corp. v. Salt Lake County,* 520 P.2d 211, 212 (Utah 1974); *Hortencio v. Fillis,* 25 Utah 2d 73, 475 P.2d 1011 (1970), *cert. denied,* 402 U.S. 966, 91 S.Ct. 1636, 29 L.Ed.2d 130. Likewise, in this case appellant was charged with violations of city ordinances and is not entitled to counsel at public expense.

■ Appellant also argues that citizens of the states have a common law right to travel without approval or restriction. It is well-settled that the legislature has the power and duty to promote the public health, safety, and general welfare of all citizens. *State v. Stevens,* 718 P.2d 398 (Utah 1986). Pursuant to that duty, the legislature is empowered to make regulations regarding the operation of motor vehicles on the public roads and highways. *Wisden v. City of Salina,* 709 P.2d 371 (Utah 1985). Further, such regulations do not violate defendant's right to travel. *Stevens,* 718 P.2d at 399. We, therefore, reject defendant's claim that the statutes violate his constitutional rights.

We have reviewed appellant's remaining arguments and find them to be without merit. Appellant's conviction is summarily affirmed.

All concur: