**CITY OF ST. GEORGE, Plaintiff and Appellee,**

v.

**Thomas H. SMITH, Defendant and Appellant.**

**No. 910663–CA.**

Court of Appeals of Utah.

March 3, 1992.

Michael L. Adkins, Salt Lake City, for defendant and appellant.

Gary G. Kuhlmann, St. George City Atty., St. George, for plaintiff and appellee.

Before BILLINGS, BENCH and RUSSON, JJ.

PER CURIAM:

This case is before the court on appellant's motion for certificate of probable cause,[1] appellant's motion for summary reversal, and appellee's motion for summary affirmance. We reverse and remand for a new trial.

Appellant appeals from his conviction for driving on a suspended license, a class B misdemeanor, in violation of section 41–2–136, St. George City Code. Smith was sentenced to serve six months from November 6, 1991 in the Washington County Jail, with credit for time served. This court stayed execution of the jail term in an order entered December 11, 1991. The sole issue on appeal is whether appellant was unconstitutionally denied the assistance of appointed counsel.

The record reflects that defendant was initially appointed counsel based upon the trial court's finding of indigency. The City subsequently moved for withdrawal of counsel based upon this court's case of *City of St. George v. Smith*, 814 P.2d 1154 (Utah App.1991) (per curiam), which stated that a criminal defendant charged with violating a city ordinance is not entitled to appointed counsel at public expense. Insofar as it incorrectly states the requirements for appointment of counsel for criminal defendants charged with violations of city ordinances, *St. George v. Smith* is hereby overruled.[2]

▪ Utah Code Ann. § 77–32–2 (1990) provides:

Counsel shall be assigned to represent each indigent person who is under arrest for or charged with a crime in which there is a substantial probability that the penalty to be imposed is confinement in either jail or prison if:

(1) The defendant requests it; or

(2) The court on its own motion or otherwise so orders and the defendant does not affirmatively waive or reject of record the opportunity to be represented.

This section implements the requirements of the Sixth Amendment to the United States Constitution, which requires that, "absent a knowing and intelligent waiver,

1. Appellant and appellee each waived oral argument on appellant's motion for certificate of probable cause.

2. This case was referred for disposition to the panel that decided *St. George v. Smith*, 814 P.2d 1154 (Utah App.1991) (per curiam) rather than the current law and motion panel, due to the similarity of the issues presented. We note that even if the analysis in this opinion had been applied in *St. George v. Smith*, the defendant in that case was not sentenced to a jail term and would not have been entitled to appointed counsel.

no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972); *see also Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979) ("[T]he Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State afforded him the right to assistance of appointed counsel in his defense.") Absent a knowing and intelligent waiver, appellant could not be sentenced to a jail term unless he was represented by counsel.

Appellee argues that *Argersinger* and *Scott* have no application to prosecutions by a municipality rather than by the state. Appellee, accordingly, asserts that the United States Supreme Court has not ruled on the issue presented in this case. This assertion is not supported by the clear language of the cases. The determinative criteria is whether the defendant is likely to be imprisoned, not the entity that undertakes prosecution. The *Argersinger* holding applies to prosecutions "for any offense, whether classified as petty, misdemeanor, or felony." 407 U.S. at 37, 92 S.Ct. at 2012. Similarly, *Scott* stated that the "central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel." 440 U.S. at 373, 99 S.Ct. at 1162. Neither case leaves room for the argument that a distinction based on the prosecuting entity is valid.[3] Similarly, we reject appellee's suggestion that *Argersinger* exempts traffic offenses from its coverage. The statement relied upon by appellee actually states, "[t]he fact that traffic charges technically fall within the category of 'criminal prosecutions' does not necessarily mean that many of them will be brought into the class where impris-

onment actually occurs." 407 U.S. at 38, 92 S.Ct. at 2013. Of course, the converse is that where traffic charges do result in imprisonment, the "traffic" characterization is not dispositive—the imprisonment is. We also find appellee's argument that denial of the right to counsel can be harmless error to be inadequately supported and we decline to consider it.

We further conclude that *Hortencio v. Fillis*, 25 Utah 2d 73, 475 P.2d 1011 (1970) *cert. denied*, 402 U.S. 966, 91 S.Ct. 1636, 29 L.Ed.2d 130 (1971) and *Salt Lake City v. Salt Lake County*, 520 P.2d 211 (Utah 1974) do not require a different result in this case. *Hortencio* predated *Argersinger*, is in conflict with that decision, and cannot be relied upon as controlling precedent. *Salt Lake City v. Salt Lake County*, although containing statements relied upon in *St. George v. Smith*, did not adjudicate the Sixth Amendment rights of indigent defendants charged with violations of city ordinances, and the opinion acknowledges the *Argersinger* decision as controlling. Instead, the case determined that, *as between the city and the county*, Salt Lake County would not be required by the court to pay costs associated with providing appointed counsel to persons charged with violations of city ordinances. *Salt Lake City*, 520 P.2d at 213.

Although relying upon a published decision of this court, the trial court committed reversible error by granting the city's motion to withdraw appointed counsel where there was a substantial probability that the penalty to be imposed would include a jail term, based upon appellant's past history. Having concluded that appellant was indigent, the court could not sentence appellant to a jail term unless he was represented by counsel or had waived representation on the record. Appellant's motion for summary reversal is granted, and appellee's motion for summary affirmance is denied. Our decision makes it unnecessary to rule on the application for a certificate of probable cause.

---

3. Such a result is particularly objectionable in a case like this one where defendant could have been prosecuted for violation of state law. Utah Code Ann. § 41–2–136 (Supp.1991).

■  We reverse the conviction and remand for a new trial in accordance with this opinion.[4]

---

4. We note that appellant has made the claim that he is entitled to counsel who is "unfettered" and not "beholden to the state." Our decision is limited to an adjudication of the defendant's entitlement to counsel under Utah Code Ann. § 77–32–2 and the Sixth and Fourteenth amendments to the United States Constitution. It is settled that the right to have appointed counsel does not entail the right to appointed counsel of one's own choosing. *See State v. Wulffenstein,* 733 P.2d 120, 121 (Utah 1986) (per curiam). Similarly, a defendant does not have a constitutional right to be represented by lay or unlicensed counsel. *State v. Hamilton,* 732 P.2d 505, 507 (Utah 1986) (per curiam); *see State v. Barlow,* 771 P.2d 662, 664 (Utah App.1989) (per curiam).