**MURRAY CITY, Plaintiff and Appellee,**

v.

**Kaylin ROBINSON, Defendant and Appellant.**

**No. 920121–CA.**

Court of Appeals of Utah.

Feb. 5, 1993.

Rehearing Denied April 6, 1993.

Kaylin Robinson, pro se.

Edwin T. Peterson, Deputy City Atty., Murray, for plaintiff and appellee.

Before GARFF, GREENWOOD and ORME, JJ.

OPINION

GARFF, Judge:

Appellant, Kaylin Robinson, appeals an order on remand from the Murray Circuit Court in which the court concluded she was not entitled to a transcript at public expense in part because she did not face actual imprisonment.

On January 11, 1991, Robinson appealed to this court from a conviction of driving on a suspended driver's license and expired registration in violation of the Murray City Code. Along with her appeal documents, Robinson filed an affidavit of impecuniosity and a motion that a transcript be provided at public expense. This court, pursuant to Robinson's motions, remanded the case to the circuit court "for a determination of impecuniosity and consideration of the motion." The order characterized the motion to be "for an order requiring the county to bear the costs of the transcript, filed 13 June 1991."

The circuit court, in an order dated January 22, 1992, concluded that Robinson had not met the minimum standards of Utah

Code Ann. § 77–32–1 through 6 (1990), and thus, she was not impecunious and not entitled to a transcript. The court, referring to the two underlying misdemeanor violations as infractions, noted that each was "punishable only by a fine not to exceed $1,000," or "by imprisonment not to exceed six months or both such fine and imprisonment."

Robinson appealed the order. This court, on April 28, 1992, stayed the proceedings in the underlying case pending disposition of the present case. We also consolidated this case with a petition for writ of mandamus seeking this court to order the circuit court to provide transcripts of the impecuniosity proceedings.

## NATURE OF THE OFFENSE

Robinson claims the court erred when it concluded that she was charged with an infraction because she was charged with violating a city ordinance. She distinguishes between misdemeanors and infractions, claiming that the punishment described by the judge was that for a misdemeanor and not an infraction. Robinson also claims the court erred in deciding she was ineligible for transcripts due to the less serious nature of her charged offense.

Utah Code Ann. § 77–32–1(1) (1990) requires the various prosecuting bodies of the state to "[p]rovide counsel for every indigent person who faces the substantial probability of the deprivation of his liberty." This includes "investigatory and other facilities necessary for a complete defense." Utah Code Ann. § 77–32–1(3). It also includes "the taking of a first appeal of right." Utah Code Ann. § 77–32–1(5). "The expenses of printing or typewriting briefs on first appeals of right on behalf of an indigent defendant, as well as depositions and other transcripts shall be paid by the state, county, or municipal agency that prosecuted the defendant at trial." Utah Code Ann. § 77–32–5.

The right of an indigent to receive a transcript at public expense in a criminal case derives from the constitutional right to appointment of counsel. *See Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972); Utah Code Ann. § 77–32–1. The general rule is

that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger*, 407 U.S. at 37, 92 S.Ct. at 2012. The "central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of *actual imprisonment* as the line defining the constitutional right to appointment of counsel." *Scott v. Illinois*, 440 U.S. 367, 373, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979) (emphases added).

Thus, the distinction between misdemeanors and infractions is relevant only to the extent it determines whether Robinson, if convicted, would face actual imprisonment. *City of St. George v. Smith*, 828 P.2d 504, 506 (Utah App.1992) (per curiam) ("The determinative criteria is whether the defendant is likely to be imprisoned, not the entity that undertakes prosecution."). Moreover, the principles of *Argersinger* apply regardless of whether the conviction was for an infraction or misdemeanor. *Id.*

Here, Robinson was convicted of driving on a suspended driver's license and expired registration in violation of the Murray City Code. The court's order reveals that the judge denied preparation of transcripts at public expense in part because Robinson, while she may have faced the "mere threat of imprisonment" did not at any time face actual imprisonment. Moreover, we need not speculate about Robinson's potential sentence because Robinson's conviction resulted in a fine only. Thus, the court correctly determined she was not entitled to counsel or to transcripts pursuant to section 77–32–5.

Because we affirm the court's conclusion on this ground, we need not reach Robinson's other claims on appeal, including her claim that she is impecunious. Affirmed.

GREENWOOD and ORME, JJ., concur.