CITY OF MURRAY, Plaintiff
and Respondent,

v.

Kaylin ROBINSON, Defendant
and Petitioner.

No. 930285.

Supreme Court of Utah.

July 6, 1994.

Craig H. Hall, Edwin Peterson, Murray, for City of Murray.

Kaylin Robinson, pro se.

STEWART, Associate Chief Justice:

This case is here on certiorari to the Utah Court of Appeals to review its ruling that petitioner Kaylin Robinson was not entitled to a publicly paid transcript of the trial proceedings in which she was convicted of driv-

ing with a suspended driver's license and ordered to pay a fine.[1] *Murray City v. Robinson*, 848 P.2d 161, 162 (Utah Ct.App. 1993). Drawing on *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012–13, 32 L.Ed.2d 530 (1972), the court of appeals held that she was not entitled to such a transcript because there was no issue of whether she faced the "threat of imprisonment." 848 P.2d at 162. However, the opinion of the court indicated that had there been a threat of imprisonment, she would have been entitled to a transcript of the trial proceeding at public expense because "[t]he right of an indigent to receive a transcript at public expense in a criminal case derives from a constitutional right to appointment of counsel." *Id.* (citing *Argersinger*, 407 U.S. at 37, 92 S.Ct. at 2012–13 (holding that an indigent defendant was entitled to counsel in a misdemeanor case if the defendant faced the possibility of imprisonment.))[2]

Article I, section 12 of the Utah Constitution provides defendants a constitutional right to an appeal in criminal cases. Robinson argues that she is indigent and therefore has a constitutional right under article I, section 12 to a transcript, at public expense, as a necessary incident of her right to appeal.

■■■ We decline to decide that issue because the case can be decided on nonconstitutional grounds. Although the trial court found that petitioner was not indigent, we assume, but do not decide, that petitioner is indigent. Whether indigent or not, petitioner's case can be decided without a transcript of the trial proceedings. An agreed statement of the record is sufficient to present the issue of the legality of the conviction. It is not necessary, therefore, to decide whether an indigent criminal defendant is entitled to a

transcript at public expense under article I, section 12 of the Utah Constitution.

In *Roberts v. Erickson*, 851 P.2d 643, 644–45 (Utah 1993), this Court held that an indigent civil appellant could proceed with an appeal by way of an agreed statement of the record pursuant to Rule 11(g) of the Utah Rules of Appellate Procedure. Here, an agreed statement of the record as provided in Rule 11(g) would provide an adequate basis for petitioner to present her challenge to her conviction for driving on a suspended driver's license. The error she asserts is that the trial court should not have instructed the jury on driving with a *suspended* license because the Utah Department of Motor Vehicles has never issued her a driver's license and therefore she cannot be guilty of driving with a suspended license.

■■■ An appellant has the burden of at least initiating the steps necessary to allow an appellate court to rule on the appellant's claims. If an appellant cannot pay for a transcript because of indigence, the appellant must then seek to provide an agreed statement of the record pursuant to Rule 11(g) or explain why an agreed statement of the record is not sufficient before the appellant is entitled to claim that a transcript should be provided at public expense. The appellant, in lieu of providing a transcript of the trial, could have provided an agreed statement of the record, given the limited nature of the issue.[3] We hold that if an agreed statement of the record is sufficient to present nonfrivolous issues on appeal, the requirements of article I, section 12 are met.

In sum, we agree with the court of appeals that petitioner is not entitled to a transcript at public expense; nevertheless, we vacate that court's opinion and remand to the court

---

1. Robinson appealed her circuit court conviction to the court of appeals, where she filed an affidavit of impecuniosity together with her appeal and a request that a transcript be provided to enable her to perfect her appeal. The court of appeals remanded to the circuit court for a determination of impecuniosity pursuant to Utah Code Ann. § 77–32–1. The circuit court ruled that Robinson was not impecunious and not entitled to a transcript pursuant to the standards set out in Utah Code Ann. §§ 77–32–1 to –6. The court of appeals did not address the issue of whether the circuit court erred in ruling that she was not

impecunious. Instead, the court of appeals assumed that she was impecunious but, nevertheless, not entitled to a transcript. The appeal in the court of appeals was stayed pending resolution of the issue of whether petitioner was entitled to a publicly paid transcript for her appeal.

2. *See also* Utah Code Ann. § 77–32–1(1).

3. It appears that the trial proceedings in this case were recorded by a tape recorder.

of appeals for further proceedings, including a decision on the merits of the appeal, which that court stayed pending resolution of the issue concerning the record.

ZIMMERMAN, C.J., and HOWE, DURHAM and RUSSON, JJ., concur.